*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT VANDERCOOK,

   Plaintiff-Appellant,

v

JENNIFER JOHNSON, LANCE COUTURIER,
ROBERT WEIMER, DENISE POWELL, LYNN
MEARS, AMBER DECKER, SELENA CONKLIN,
KRISTIN LESMEISTER, MICHIGAN CIVIL
SERVICE COMMISSION, STATE OF
MICHIGAN, MICHIGAN STATE POLICE, and
COLONEL JOSEPH GASPER,

   Defendants-Appellees,

and

GREGORY MORENKO,

   Defendant.

UNPUBLISHED
July 15, 2026
12:06 PM

No. 375087
Wayne Circuit Court
LC No. 21-009337-CD

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendants-appellants, Jennifer Johnson, Lance Couturier, Robert Weimer, and Denise Powell, under MCR 2.116(C)(7) (claim barred by operation of by law). Plaintiff challenges a previous order related to summary disposition. We affirm.

## I. FACTUAL BACKGROUND

This action arises from alleged employment discrimination against plaintiff, a state trooper employed by the Michigan State Police (MSP). In August 2021, plaintiff filed a complaint against defendants[1] in circuit court alleging employment discrimination under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*. He claimed he was denied numerous promotions between May 2016 and January 2020 based on his race, color, and national origin. In the course of the proceedings, defendants moved for summary disposition under MCR 2.116(C)(7). The circuit court granted the motion because plaintiff did not comply with the notice requirement under MCL 600.6431(1) of the Court of Claims Act (COCA), MCL 600.6401 *et seq*., when he sued defendants in circuit court.

When Plaintiff filed his original complaint, *Tyrrell v Univ of Mich*, 335 Mich App 254, 272; 966 NW2d 219 (2020), held that a plaintiff was not required to comply with MCL 600.6431(1)[2]. Our Supreme Court subsequently overruled *Tyrrell* in *Christie v Wayne State Univ*, 511 Mich 39; 993 NW2d 203 (2023). In that case, our high court concluded that MCL 600.6431(1)'s notice requirements apply to all claims against the state, including claims filed in circuit court, unless the claim is expressly exempted under MCL 600.6431(1). *Id*. at 52.

On October 31, 2023, plaintiff submitted two separate but nearly identical briefs arguing that summary disposition was improper because defendants waived any defect under MCL 600.6431(1) by failing to raise plaintiff's noncompliance with that provision as a defense in their first responsive pleading. Plaintiff further contended that, even though defendants asserted governmental immunity as a defense, they did not specify why they were entitled to summary disposition under governmental immunity. Plaintiff also argued that *Christie* should not be applied retroactively because *Christie* established a new rule of law by overturning *Tyrrell*.

The trial court agreed with defendants and granted summary disposition but allowed plaintiff to amend his first amended complaint to file suit against individual defendants. On August 27, 2024, plaintiff filed a second amended complaint seeking monetary damages against defendants in their individual capacities and alleging one count of intentional discrimination based on race, color, and national origin under the ELCRA.

On November 4, 2024, the MSP defendants moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's ELCRA claim was time-barred by the three-year statute of limitations. They asserted that, because the second amended complaint alleged that the last adverse employment action occurred in January 2020, the limitations period expired no later than January 2023. They therefore argued that plaintiff's claim was untimely because he did not file

---

[1] We refer to the state of Michigan, Michigan State Police (MSP), Colonel Joseph Gasper, and Michigan Civil Service Commission (MCSC) collectively as "defendants," as plaintiff only appeals the trial court's decision granting defendants summary disposition.

[2] That statutory provision requires litigants to file notice of any intended claims against the state within 1 year from the time their claim accrued.

the second amended complaint until August 2024. The trial court agreed and granted summary disposition to defendants. This appeal followed.

## II. ANALYSIS

Plaintiff argues that defendants were not entitled to summary disposition under MCR 2.116(C)(7) because he was not required to comply with the notice requirement under MCL 600.6431(1) before filing suit in circuit court. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, 347 Mich App 168, 175; 14 NW3d 456 (2023). Summary disposition under MCR 2.116(C)(7) is appropriate if a plaintiff's claim is barred by the applicable statute of limitations. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014). When reviewing a motion under MCR 2.116(C)(7), this Court accepts the well-pleaded allegations in the complaint as true except to the extent they are contradicted by documentary evidence submitted by the moving party. *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2d 839 (2020). If the relevant facts are undisputed, whether a claim is barred by a basis set forth in MCR 2.116(C)(7) is a question of law. *Id*. We also review de novo the interpretation and application of statutes. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

"From the time of Michigan's statehood, this Court's jurisprudence has recognized that the state, as sovereign, is immune from suit unless it consents, and that any relinquishment of sovereign immunity must be strictly interpreted." *Christie*, 511 Mich at 57 (quotation marks and citation omitted). However, "[t]he Legislature can, and has, abrogated the state's sovereign immunity by enacting legislation consenting to suit." *Progress Mich v Attorney General*, 506 Mich 74, 87; 954 NW2d 475 (2020). Here, plaintiff sued defendants in circuit court seeking monetary damages, alleging employment discrimination under the ELCRA. The ELCRA is one such statute in which the Legislature has waived the state's sovereign immunity. *Christie*, 511 Mich at 48.

*Doe v Dep't of Transp*, 324 Mich App 226, 238; 919 NW2d 670 (2018) recognizes that the Court of Claims and the circuit court have concurrent jurisdiction over ELCRA claims that carry a right to a jury trial. But jurisdiction is separate from the state's waiver of sovereign immunity and any conditions attached to that waiver. As our Supreme Court explained in *Christie*:

> By enacting the COCA in 1939, the Legislature, for the first time, adopted a comprehensive legislative scheme authorizing suit against the State of Michigan and its various agencies. The COCA therefore stands as this state's controlling legislative expression of waiver of the state's sovereign immunity from direct action suit against it and its agencies and of their submission to the jurisdiction of a court. [*Christie*, 511 Mich at 58 (quotation marks and citations omitted).]

Plaintiff concedes that he did not comply with the notice requirements of MCL 600.6431(1). MCL 600.6431(1) states as follows:

Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies.

Plaintiff argues that he was not required to comply with MCL 600.6431(1) because, when he filed suit in circuit court in August 2021, *Tyrrell*, 335 Mich App 254, was binding precedent. Plaintiff therefore contends that, at the time he filed this action, he complied with the requirements imposed by then-controlling caselaw. As earlier noted, our Supreme Court overruled *Tyrrell* in *Christie*, 511 Mich 39. There, our Supreme Court held that "all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the notice requirements of MCL 600.6431(1)." *Christie*, 511 Mich at 64.

Plaintiff argues that *Christie* should not apply retroactively because it established a new rule of law. When a decision establishes a new rule, courts consider three factors to determine whether the rule should apply retroactively: " '(1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice.' " *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 565-566; 975 NW2d 840 (2022), quoting *Pohutski v City of Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002). In support of his argument, plaintiff cites *Landin v Dep't of Health and Human Servs*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 367356), in which this Court held that *Christie* established a new rule of law, plaintiff argues that these factors demonstrate that *Christie* should not be applied retroactively.

However, after *Landin* was issued, this Court decided *Flamont v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367863). There, this Court upheld the ruling in *Christie*, finding that *Christie* applies retroactively and bars a circuit court claim against the state when the plaintiff failed to comply with MCL 600.6431(1), at least where the plaintiff's notice period had already expired before *Tyrrell* was decided. *Id*. at ___; slip op at 6.

In light of the conflicting holdings in *Landin* and *Flamont*, a conflict panel was convened pursuant to MCL 7.215(J). In the resulting opinion, *Hudson v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 367902); slip op at 2,[3] this Court overruled *Landin* and maintained that *Flamont* controlled. Accordingly, *Christie* applies retroactively to all cases, including cases pending in circuit court while *Tyrrell* was still controlling law. *Hudson*, ___ Mich App at ___; slip op at 2. Because plaintiff concedes that he did not comply with MCL 600.6431(1), and because *Hudson* controls the retroactivity issue, plaintiff cannot establish that the trial court erred by granting summary disposition to defendants under MCR 2.116(C)(7).

---

[3] As of July 2026, *Hudson* remains pending before the Michigan Supreme Court.

-4-

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello